IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW CORBMAN,<br><br>Petitioner,<br><br>v.<br><br>COMMUNITY SOLUTIONS, INC., and MANAGER, PHILADELPHIA RESIDENTIAL REENTRY MANAGEMENT OFFICE.<br><br>Respondents. | ) | C.A. No. 26-1139 (JLH) |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Andrew Corbman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (D.I. 1.) Corbman is a federal prisoner currently housed in a residential reentry center ("RRC") in Wilmington, Delaware. (D.I. 1 at 1, 2.) In the Petition, Corbman alleges that the Federal Bureau of Prisons ("BOP") has failed to follow applicable statutory requirements for an individualized placement determination for a transfer from the RRC to home confinement. (D.I. 1 at 1, 5-6.) Corbman states that he "does not seek an order dictating that BOP must place him in home confinement. Rather, he seeks a prompt, good-faith, individualized First Step Act ("FSA") prerelease-custody determination, including calculation of his earned time credits and consideration of direct home confinement under 18 U.S.C. § 3624(g)." (D.I. 1 at 1.) He further argues that "BOP may not treat the ordinary Second Chance Act ("SCA") home-confinement window or the December 7, 2026 date as a categorical bar to the separate FSA prerelease-custody framework." (*Id.*)

The Government filed a Response arguing the Petition should be dismissed or, alternatively, denied for: (1) lack of jurisdiction; (2) failure to exhaust administrative remedies;

and/or (3) failure on the merits. (D.I. 6) For the reasons that follow, the Court dismisses the Petition.

While not the precise situation here, the Court does have jurisdiction over a § 2241 petition seeking the right to be transferred from a federal correctional institution to prerelease custody on the basis that BOP's determination regarding the transfer violates a federal statute governing the availability of prerelease custody. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243–44 (3d Cir. 2005); *Al Haj v. LSCI-Allenwood Warden*, No. 1:24- 1193, 2025 WL 1115751 (M.D. Pa. Apr. 15, 2025). *But see Cordona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012).[1]

Petitioner's claim must nevertheless be dismissed for failure to exhaust administrative remedies. *See Vasquez*, 684 F.3d at 433–34 (petitioner seeking transfer to prerelease custody must exhaust administrative remedies). Petitioner concedes that he did not exhaust his administrative remedies, and his arguments to excuse exhaustion fail for the reasons stated in the Government's Response. (D.I. 6 at 9-11.)[2]

[1] The Court observes some confusion in the case law that may be clarified in the pending United States Supreme Court case *Maxwell v. Thomas*, 146 S. Ct. 2695, 225 L. Ed. 2d 231 (2026). There, the Supreme Court granted certiorari to consider "whether a claim regarding application of time credits under the First Step Act of 2018, 132 Stat. 5195-5208 (codified in relevant part at 18 U.S.C. §§ 3631-3635), seeking accelerated transfer to a halfway house or home confinement, can be brought in a habeas petition under 28 U.S.C. § 2241." *Id*. The government takes the position in that case that a "prisoner's claim alleging the unlawful withholding of [FSA] time credits and seeking accelerated transfer to a halfway house or home confinement is cognizable in habeas." Brief for the Respondent Supporting Vacatur, *Maxwell v. Dinis*, No. 25-5930, 2026 WL 2584461, at *14 (Aug. 5, 2026).

[2] The Petition lacks merit in any event. As the Government has demonstrated, BOP has in fact completed the calculations and individualized prerelease custody determination that Corbman seeks. (D.I. 6 at 1-7, 11-13; D.I. 6-1 at 2-8, 23-24.) After applying the applicable statutory calculations and analysis, BOP has determined that the earliest date that Corban can be transferred to home confinement is December 7, 2026 (a few weeks from now). Once transferred, Corban's claims regarding his transfer from RRC to home confinement will likely become moot.

NOW THEREFORE, at Wilmington on this 16th day of November, 2026, **IT IS HEREBY ORDERED** that

1. Petitioner Andrew Corbman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (D.I. 1) is **DISMISSED without prejudice**.

2. The Clerk is directed to **CLOSE** the case.

The Honorable Jennifer L. Hall
United States District Judge